UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN ALAJEMBA, ) | |
| ) | |
| Plaintiff, ) | No. 3:10-cv-00957 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| RUTHERFORD COUNTY ADULT ) | |
| DETENTION CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center and Captain Curtis Little in his official capacity only, alleging that his constitutional rights are being violated by his continued segregation from the general inmate population and by the defendants' failure to properly treat his mental illnesses. (Docket No. 1). He seeks his immediate release from segregation, immediate hospitalization for his mental health illnesses, and damages in the amount of seven hundred fifty thousand dollars ($750,000.00). (*Id.*)

## I.    Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

1

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**II.    Facts**

As alleged in the *pro se* complaint and construed liberally, the relevant facts are as follows: The plaintiff was arrested for first degree murder in December 2008. He was incarcerated at the Rutherford County Adult Detention Center, where he was placed in segregation due to the seriousness of his offense. In January 2009, he was moved briefly to general population housing but was returned to segregation in February 2009 for the plaintiff's protection due to suspected gang-related threats against the plaintiff.

The plaintiff has been held in segregation since February 2009, despite his grievances asking to be returned to the general inmate population. The plaintiff suffers from bi-polar disorder and schizophrenia, and he alleges that the continued isolation of segregation has exacerbated his existing mental illnesses. During his stay in segregation, the plaintiff has attempted to hurt himself and others. At different times, he has been placed on suicide watch. At one point a specialist from a local crisis center came to the Rutherford County Adult Detention Jail and evaluated the plaintiff. The specialist recommended that the plaintiff be transferred to the Middle Tennessee Mental Health

Institution for further evaluation, but the plaintiff was not transferred. Instead, he was permitted to see a jail nurse, who assisted the plaintiff in receiving anti-depressant medication.

On two separate occasions during the plaintiff's stay in segregation, he was subjected to punishment called "dry cell." Documents submitted by the plaintiff show that, on one of these occasions, the punishment was in response to the plaintiff having intentionally flooded his cell. During the "dry cell" punishment period, correctional officers removed everything from the plaintiff's cell, including his mattress, bedding, and blanket. The plaintiff's items were returned between the hours of 10:00 p.m. and 6:00 a.m. only.

### III.     Section 1983 Standard

The plaintiff alleges several claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV.     Analysis

The plaintiff's complaint names as defendants the Rutherford County Adult Detention Center and Captain Curtis Little in his official capacity. However, the Rutherford County Adult Detention Center, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Because the plaintiff

is proceeding *pro se*, the court could construe the complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Adult Detention Center. However, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent, the Rutherford County Sheriff's Department. *Monell*, 436 U.S. 658, 690-691. In short, for Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Rutherford County. Consequently, the plaintiff has failed to state a claim against Rutherford County.

The plaintiff also alleges § 1983 claims against Captain Curtis Little in his official capacity only. As such, the plaintiff is suing Captain Little's official office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the plaintiff's claims against Captain Little are claims against Rutherford County, the municipal entity that operates the Detention Center. *See Kentucky v. Graham*, 473 U.S. 159 (1985). As noted above, the plaintiff has failed to allege a claim of governmental liability. Consequently, the complaint does not contain a claim upon which relief can be granted.

Even if the plaintiff had named defendants capable of being sued under § 1983, the plaintiff's allegations do not rise to the level of constitutional violations. Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also*

4

*Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999)). Although the plaintiff likely is denied certain privileges as a result of his placement in segregation, he does not allege or show that he has been, or is being, denied basic human needs and requirements. Furthermore, the plaintiff states that he was placed in segregation for the second time for his own protection. In addition, although the plaintiff contends that his mental health has been affected by the lengthy period of segregation, the plaintiff does not allege that he has suffered any physical injury. The plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U.S.C. § 1997e(e); *see also Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000)("Prisoners are now required to show actual physical injury to recover for violations of Eighth Amendment rights."); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug.9, 2000)("Benson could not bring an Eighth Amendment claim for emotional or mental damages because he did not allege a physical injury."). As such, the plaintiff's allegations pertaining to segregation would not support an Eighth Amendment claim under § 1983.

Likewise, the plaintiff's allegations pertaining to the "dry cell" punishment he received on two occasions do not support a claim of cruel and unusual punishment in violation of the Eighth Amendment. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Williams*, 186 F.3d at 691-92. Here, the plaintiff has alleged a minor inconvenience, or discomfort, neither of which rise to the level of an Eighth Amendment

5

violation. *See Rhodes*, 452 U.S. at 347. For these reasons, the plaintiff's claim that the temporary deprivation of his mattress, blanket, and bedding as punishment violated his rights under the Eighth Amendment is not actionable. *Compare Hancock v. Avery*, 301 F. Supp. 786, 792 (Tenn. 1969)(finding an Eighth Amendment violation where prisoner was subjected to "dry cell confinement" and "forced to sleep in the nude on a bare concrete floor without even the comfort of a blanket", was "deprived at all times of adequate light and ventilation", and "was provided with no means by which he [could] maintain his personal cleanliness, with the result that he [was] forced to live and eat under animal-like conditions.").

As for the plaintiff's allegations that he has not received the type of mental health care he desires, to establish a violation of his constitutional rights resulting from a denial of medical care, the plaintiff must show that prison officials were deliberately indifferent to his serious medical or mental health needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

Here, the plaintiff's complaint states that he was evaluated by a mental health counselor as well as a jail nurse and ultimately received anti-depressant medication. Thus, the plaintiff's own allegations show that he received some mental health care. The plaintiff's desire to be transferred

to a facility specializing in housing inmates with mental health disorders is insufficient to support an Eighth Amendment claim.

**V. Conclusion**

For these reasons, the court finds that the plaintiff's complaints fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

                                                            _____
                                                            Todd J. Campbell
                                                            United States District Judge